IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 SEP 28 PM 2:42
N.D. OF COURT
ALABAMA

SUSTAINABLE FORESTS, L.L.C.,   }
                                }
    Plaintiff,                  }     CIVIL ACTION NO.
v.                              }
                                }     CV-00-AR-0234-S
ALABAMA POWER COMPANY,          }
                                }
    Defendant.                  }

ENTERED
SEP 28 2000

## MEMORANDUM OPINION

The court has before it (1) the alternative motion by defendant, Alabama Power Company ("Alabama Power"), for summary judgment or for abstention in favor of the eminent domain proceedings pending in two Alabama probate courts, and (2) the counter-motion for summary judgment filed by plaintiff, Sustainable Forests, L.L.C. ("Sustainable").

In the order entered on August 15, 2000, this court expressed the tempting prospect of certifying the questions presented by this case to the Supreme Court of Alabama. The court can no longer resist that temptation. If this court had reason to believe that the probate courts which have original jurisdiction over condemnation cases in Alabama could provide declaratory relief of the sort here sought by Sustainable, this court might abstain in favor of those courts out of a decent respect for the concept of federalism, but the position taken by Alabama Power both in this court and is the eminent domain proceedings in Escambia County and Chilton County is that it only seeks to acquire the rights, whatever they are, that it is authorized to acquire under its



statutory power of eminent domain, and no more. Based on this premise, Alabama Power argues that it would be improper and premature to have the extent of those rights judicially determined at the outset and that this court should not act either to exclude or to include any rights by Alabama Power to construct internal communication lines or to lease such communication lines to third parties.

   This court respectfully disagrees with Alabama Power on the question of justiciability. This is a justiciable controversy over which this court has diversity jurisdiction. Although this court must eventually enter a declaratory judgment, one way or the other, on the question of the scope of the property interests being acquired by Alabama Power, this court is bound by Alabama's substantive law on the subject. Because this court is without a clue on the law of Alabama here controlling, it now decides to certify the questions of state law to the Supreme Court of Alabama. It would be presumptuous of this court to pronounce on unanswered questions of Alabama law having serious long-range implications both for Alabama Power and for landowners generally in Alabama. This court would only be taking a wild guess at what the Supreme Court of Alabama would say. In most instances this court is comfortable when called upon to pronounce on a question of Alabama law, but in this case it is very uncomfortable. In fact, if this court did purport to answer the pertinent questions, an appeal would surely be taken by the unhappy party, and the Eleventh

Circuit would, in all likelihood, certify the same questions to the Supreme Court of Alabama that are being certified to that court now as a way to save time and trouble.

One thing is clear, namely, that Sustainable has a legitimate fear that Alabama Power will install communication lines as well as the traditional electric transmission lines on the right-of-way now being acquired, and may very well attempt to exploit such communication lines for profit as well as for internal use in the maintenance of its power transmission lines. The central question in this case is whether Alabama Power's right of eminent domain is broad enough to permit it to condemn for purposes beyond the transmission of electric power. Sustainable wants this issue resolved now and wants a judicially enforceable definition of what is being acquired. If Sustainable is correct in its contention, it makes sense that the adjudication be "up-front" so that Alabama Power will not be tempted to ratchet upward its rights by "user" once its transmission lines are in place. The issue obviously involves large and important competing economic interests. It is hard to place a value on the present and future right to transmit millions of bits of information by fiberoptics. A binding answer from the one court that has the final authority to speak on the subject is called for.

The fact that the parties have filed cross-motions for summary judgment is an implied concession that the questions of Alabama law are ready for determination. The truly relevant facts are

undisputed. The questions presented may or may not have been answered in *Cousins v. Alabama Power Co.*, 597 So.2d 683 (Ala. 1992), as is claimed by Alabama Power. This court does not read *Cousins* as having answered the questions.

Although there may be other relevant facts, the following facts are relevant and are undisputed. They are sufficient, in this court's opinion, to provide the factual basis upon which the controversy can be resolved:

1. Alabama Power is proceeding under the authority granted it by Alabama Code §§ 10-5-1 and 37-4-130. In attempting to negotiate the acquisition of a right-of-way across Sustainable lands located in Alabama, the draft deed, prepared by Alabama Power and submitted to Sustainable during the failed negotiations leading up to condemnation proceedings, contained the following provision:

> There is also granted to the GRANTEE the rights and privileges necessary and convenient for the full enjoyment and use thereof, including the right of ingress and egress to the right-of-way together with the right to enter on the right-of-way and to place, construct, operate, repair, maintain, relocate and replace on and along said right-of-way electric transmission lines, together with poles, towers, guy wires and anchors, **communication lines** and other necessary appurtenances thereto.

(emphasis supplied).

2. The condemnation petitions filed by Alabama Power and pending in Escambia County and Chilton County contain the following enumeration of the "uses and purposes" for which the property interests in Sustainable 's property are being acquired:

> That the uses and purposes for which the said land, rights and interests hereinafter described are to be condemned and taken

are in connection with the construction, operation and maintenance of towers, poles and wire lines, for the transmission, distribution, supply, and sale of electric power, and plaintiff therefore seeks to acquire ways and rights-of-way 162 feet in width on, across, under and over the said land hereinafter described in Par. 1 of Article Fourth hereof, **and the right to construct and erect on, across, under and over said land such towers, poles and wire lines, and all appliances necessary, convenient and useful in connection therewith for such purposes, together with all the rights conferred by law and all that are necessary, useful and convenient to the enjoyment of said rights-of-way for such uses and purposes...**

(emphasis supplied).

3. Alabama Power has refused to accede to Sustainable's request for a written preclusion of Alabama Power's future use of the proposed right-of-way for communication lines or for fiberoptic cables, either for Alabama Power's internal use, or for lease to third parties. In other words, Alabama Power will not disclaim the intent to do what Sustainable is afraid it will do.

An appropriate separate order of certification will be entered.

DONE this 28th day of September, 2000

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE