```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION         01 JUN -6 AM 10: 06

SUSTAINABLE FORESTS, L.L.C.,   }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }
                               }     00-AR-0234-S
ALABAMA POWER COMPANY,         }
                               }
     Defendant.                }
```

**MEMORANDUM OPINION**

On June 1, 2001, the Supreme Court of Alabama forwarded to this court its response to certain questions of law that had been certified to it by this court on September 28, 2000, in the above-entitled cause.  Earlier, on October 3, 2000, the Supreme Court of Alabama had entered an order in the case.  That order provided, *inter alia*:

> "This court having consented to answer the questions certified by the United States District Court for the Northern District of Alabama. . . . ."

This court did not ask the Supreme Court of Alabama whether the questions being certified to it constituted justiciable questions that deserved a judicial answer.  The Supreme Court of Alabama however, has now withdrawn its above quoted consent to answer this court's certified questions, and, instead, has declined to answer the certified questions, holding now that there is no justiciable controversy, because the questions are academic or hypothetical, and to answer them would involve mere speculation.  This is the same position that defendant, Alabama Power Company, had taken



before this court before the certification. The conclusion reached by the Supreme Court of Alabama on the justiciability issue is not binding on this court. Answers to the certified questions would have been binding on this court. Nevertheless, this court willingly considers free legal advice from a qualified source.

The only rationale by which the certified questions could be deemed not ripe, speculative, hypothetical, academic or nonjusticiable, is by subscribing to Alabama Power Company's vociferous insistence that it has no present intention to install fiber optic internal communication lines, or communication lines for lease to third parties, on any rights-of-way being acquired by it from Sustainable Forests, L.L.C. and made the subject of this action and of eminent domain proceedings. The Supreme Court of Alabama obviously believed Alabama Power Company's representation in this regard. This court now joins the Supreme Court of Alabama in this belief. Although Sustainable Forests, L.L.C. harbors severe doubts about Alabama Power Company's true intentions, its doubts may or may not be justified on the basis of external facts and circumstances. Although the Supreme Court of Alabama did not answer the questions certified to it, this court, as it has already said, takes seriously the unsolicited and non-binding advice given by the Supreme Court of Alabama and therefore will revisit Alabama Power Company's motion to dismiss and/or motion for summary judgment.

Alabama Power Company's motion to dismiss and/or summary judgment, which is revived and reconsidered *sua sponte*, will be granted by separate order and the action dismissed without prejudice. However, it is and shall be clearly understood that if Alabama Power Company, or its successor-in-interest to any right-of-way now being acquired from Sustainable Forests, L.L.C., by eminent domain ever installs anything on, or allows anything to be installed on, the rights-of-way being acquired, no matter how far in the future that event or use may be, and if Sustainable Forests, L.L.C., or its successor-in-interest, reaches the honest belief that the installation or use to which a right-of-way is then being put is beyond any right that has been or can be acquired pursuant to Alabama Code §§10-5-1 and 37-4-130, Sustainable Forests, L.L.C., or its successor-in-interest, shall have the right to sue Alabama Power Company or its successor-in-interest for a declaration and/or for an injunction and/or for monetary damages for trespass, and/or for inverse condemnation, and Alabama Power Company or its successor-in-interest shall be estopped from interposing a statute of limitations defense, or a *res judicata* defense, or a collateral estoppel defense, or any waiver-type defense to such action. In other words, if what Sustainable Forests, L.L.C., predicts to be inevitable, actually occurs, Sustainable Forests, L.L.C. or its successor-in-interest, shall have unimpeded access to this court.

DONE this ___6^{7th}___ day of June, 2001.

_/s/ William M. Acker_
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE